FILED '10 FEB 26 13:10 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CONSTANCE MURPHY, ) | |
| ) | |
| Plaintiff, ) | Case No. 08-0723-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of the Social ) | |
| Security Administration ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Introduction

Plaintiff, Constance Murphy, brings this action pursuant to section 405(g) of the Social Security Act, 42 U.S.C. §405(g), to obtain judicial review of the Commissioner's final decision denying her application for disability insurance benefits.

On October 23, 2003, plaintiff filed an application for disability insurance benefits alleging that she was disabled,

1 - ORDER

beginning August 01, 2000, due to incontinence, arthritis, depression, anxiety, bile damage, and liver damage. On May 09, 2007, after administrative hearings were concluded[1] the Administrative Law Judge (ALJ) determined that plaintiff was not disabled. Thereafter, the ALJ's decision became the Commissioner's final decision when plaintiff's request for review was denied.

On review, plaintiff contends that the ALJ erred by (1) rejecting a finding that her impairments meet a listing section; (2) failing to address medical opinions that plaintiff is unemployable and has limited walking and postural abilities; (3) rejecting plaintiff's testimony; (4) failing to follow the mandatory requirements of SSR 96-8P when formulating plaintiff's residual functional capacity ("RFC"); and (5) finding that plaintiff is capable of performing her past work without performing the mandatory SSR 82-60 analysis of her past jobs.

The ALJ found that plaintiff had the following severe impairments: Munchausen syndrome (a somatization disorder); dysthymia; an anxiety disorder; a borderline personality disorder; repaired abdominal wall hernias and polysubstance abuse. Plaintiff's medical record reflected a history of

---

[1] After the first administrative hearing, the ALJ ordered additional psychological evaluations to be done on Plaintiff. Thereafter, a supplemental hearing was held to finish Plaintiff's administrative proceeding.

2 - ORDER

multiple surgeries including hiatal hernia repair, cholecystectomy[2] and removal of portions of her bowel as well as somatization disorders which manifest as depressive symptoms and an addiction to surgeries.

## Discussion

Plaintiff contends that the ALJ improperly rejected findings by medical experts that her impairments met a Listing. Plaintiff argues that the ALJ erroneously substituted his own judgment in place of the medical experts, and failed to set forth his own interpretations and explanations for discounting the medical experts' opinions. In plaintiff's view, this case should be remanded for further findings to determine whether her impairments meet a Listing.

Defendant believes the record contains substantial evidence from which the ALJ and subsequently the Commissioner, properly concluded that plaintiff did not meet her burden of proving that she was disabled within the meaning of the Social Security Act.

At the first administrative hearing, Dr. Douglas, a non-treating medical expert, testified that plaintiff's impairments met Listing section 5.05F(3) because she suffered from chronic liver disease with hepatic cellular necrosis between April of 2002 and March of 2003. [Tr. 517-519]. However, Dr. Douglas

---

[2] In March 2002, plaintiff had a cholecystectomy during which her hepatic artery was cauterized however subsequent liver function tests including ultrasound and blood tests, were all normal. [Tr. 388].

3 - ORDER

noted that he could not confirm his opinions with liver enzyme studies and explained that in his opinion, plaintiff could not have endured a ligation of her right hepatic artery without resulting cellular necrosis. *Id.* The ALJ correctly noted that this testimony from a non-treating physician, was directly contradicted by plaintiff's treating health care provider, Dr. Ham, whose record evinced that plaintiff had normal liver function after September 2002. [Tr. 388].

Dr. McDevitt, a psychiatric expert, testified that plaintiff's impairments and symptoms may have met Listing section 12.07 for somatoform disorder. Tr. 528. But he also acknowledged that he had insufficient knowledge of plaintiff to give a definitive answer. [Tr. 528-531]. After Dr. McDevitt's testimony, the ALJ ordered additional psychological evaluations of plaintiff. [Tr. 529-533].

Dr. Duvall conducted a neuropsychological examination in December 2006. [Tr.504-505]. Dr. Duvall concluded that plaintiff was able to do work for which she was qualified and although she had a propensity to self-dramatize and exaggerate her symptoms, the potential interference her psychological difficulties might have with her ability to work would be minimized if she were engaged in appropriate mental health treatment. [Tr. 505].

Based on that evidence, the ALJ found that plaintiff did not have "an impairment or combination of impairments that meets or

4 - ORDER

medically equals" a Listing at step three of the sequential evaluation process, reasoning as follows:

> The undersigned has specifically considered Section 5.05F, concerning chronic liver disease. However, as is discussed elsewhere in this decision there is insufficient evidence to find [Plaintiff] disabled on these medical criteria alone.
>
> Both Dr. Duckler [sic] and Dr. McDevitt testified that [Plaintiff] did not have any other impairment or combination of impairments that "meets" or "medically equals" the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. The undersigned adopts these opinions.[3]
>
> [Tr. 21].

An ALJ has a well established duty to resolve conflicts in the medical record. Benton v. Barnhard, 331 F.3d 1030, 1040 (9th Cir. 2003). While the conclusion of a non-examining physician is accorded less weight than the conclusion of an examining physician, the ALJ has a duty to resolve conflicting medical evidence. Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002); see also Pitzer v. Sullivan, 908 F.2d 502, 506 Fn.4 (9th Cir. 1990). So an ALJ may reject a treating medical care provider's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1527(d) and 416.927(d).

---

[3] The ALJ mistakenly refers to Dr. Douglas as Dr. Duckler in his decision.

5 - ORDER

After performing a disability consultative examination on plaintiff, Dr. Tilley opined that plaintiff was not disabled from working within certain noted limitations. [Tr. 348-52]. The ALJ included these limitations in his residual functioning capacity finding (RFC). [Tr. 23].

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), see also *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Howard v. Heckler*, 782 F.2d 1484, 1487 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Contrary to plaintiff's assertions I find that the ALJ gave clear and convincing reasons for discounting Dr. Richardson's opinion. The ALJ noted there was nothing in the record to support Dr. Richardson's finding of plaintiff experiencing episodes of decompensation; no objective evidence in the record to support Dr. Richardson's conclusions or any explanation given as to how Dr. Richardson believed that plaintiff's impairments limited her ability to perform unskilled work. [Tr. 24]. Similarly the ALJ explained why he discounted Ms. Blesch's conclusions because she had seen plaintiff only three times

6 - ORDER

between August and November 2005 and so lacked a longitudinal history with plaintiff and because Ms. Blesch did not give any objective evidence to support her opinion - which was inconsistent with substantial evidence in the record. *Id.*

The ALJ also gave clear and convincing reasons for discounting plaintiff's claims of breathing impairments[4] which were unsupported by any medical testing such as CT scans and X-rays. He further noted that plaintiff's treatment and medications generally controlled her symptoms and that her part-time work and daily activities were inconsistent with the symptoms to which she testified. [Tr. 23].

Although he did not articulate the details of his credibility findings, I find that the ALJ thoroughly reviewed the record and sufficiently explained why he found that plaintiff was not credible regarding the severity of her symptoms and her subsequent limitations based on that evidence. [Tr. 23-24]. I therefore find he properly excluded her reported symptoms that were inconsistent with the record from his RFC. The vocational expert (VE) (after clarification), testified that plaintiff's past work was not precluded by her RFC and the ALJ reying on his testimony, concluded that plaintiff could therefore perform her past relevant work and was not disabled.

Based on the foregoing, I find that the ALJ adequately

---

[4] The record also shows that plaintiff admits to on-going 30-year cigarette use. [Tr. 453, 462].

7 - ORDER

developed the record, supported his findings with substantial relevant evidence in the record and applied the appropriate legal standards in making his decision that plaintiff was not disabled.

## Conclusion

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE

8 - ORDER